■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYBRIAN WELSH, Appellant. [718 NYS2d 630] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Naro, J.), rendered May 28, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, imposed August 6, 1998.

Ordered that the judgment and the resentence are affirmed.

Contrary to the defendant's contention, he effectively waived his right to be present at sidebar conferences with prospective jurors (*see,* CPL 260.20; *People v Mitchell,* 80 NY2d 519).

The defendant's remaining contentions are without merit. Ritter, J. P., Santucci, Krausman and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN WILLIAMS, Appellant. [718 NYS2d 610] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered July 2, 1997, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.